In the latter case, Cullen, J., says:

"Now, while the drawer of a check may be liable where he draws the instrument in such an incomplete state as to facilitate or invite fraudulent alterations, it is not the law that he is bound to so prepare the check that nobody else can successfully tamper with it."

The facts disclosed by the record peculiarly call for the application of the rule, which we think sound upon principle as well as authority. The plaintiff intrusted the filling in of the check to her husband. The amount which she claims to have assented to, as well as the alterations, were all in his handwriting, and there was nothing to excite suspicion. It was payable to his order, and she saw the form in which it was written, and later explained it to the bank officials. There is an attempted claim on her part that she could neither read nor write, but the facts and her own admission show this was untrue.

The defendant does not claim that, in leaving spaces upon her check which could be filled in by her husband without exciting suspicion, the plaintiff was guilty of negligence as matter of law. What it does claim, and what it contended on the trial, was that it was a question of fact to be determined by the jury, from all the circumstances, whether or not she was negligent, and that, if the jury found she was, then the defendant should be relieved from repaying the amount to her. In this contention we think the defendant was correct.

We are also of the opinion that there were sufficient suspicious circumstances connected with the transaction to make it a question of fact for the jury as to whether or not the plaintiff did not in fact authorize the drawing of the check for the full amount which it called for.

The direction of a verdict in favor of the plaintiff was error, and the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(121 App. Div. 701.)

### LAWRENCE et al. v. BINNINGER et al.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

DEPOSITS IN COURT—INTEREST—CONSTRUCTION OF ORDER.

Where plaintiffs failed to comply with an order directing that they deposit with the New York city chamberlain a specified sum, "with interest" from May 12, 1905, to the credit of the action, and were thereupon adjudged in contempt, it was improper for the court to permit plaintiffs to purge themselves by depositing the amount directed, with interest at 2½ per cent., as the words "with interest" meant interest at the legal rate of 6 per cent.

Appeal from Special Term, New York County.

Action by George H. Lawrence and others, as executors of the estate of Elizabeth H. Sias, deceased, against George F. Binninger and others. From that portion of an order directing plaintiff to deposit with the chamberlain of the city of New York certain moneys to the credit of the action, with interest at the rate of 2½ per cent., defendants appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Louis Wendel, Jr., for appellants.

Henry C. Henderson, for respondents.

PER CURIAM.  The order of this court in this action directed that the plaintiffs deposit to the credit of the action with the chamberlain of the city of New York the sum of $1,808.15, together with interest thereon from the 12th day of May, 1905.  They having failed to comply with that order, the defendants moved at Special Term to punish them for contempt.  The order was granted and they were adjudged guilty of contempt, but were permitted to purge themselves therefrom by depositing such money as directed, with interest thereon at the rate of 2½ per cent.  The defendants appeal from that part of the order fixing the rate of interest.

The term "with interest," appearing in the order of this court, meant legal interest, which is 6 per cent. per annum.  The Special Term had no right to fix a lesser rate, or one which was earned by the money when in the hands of the city chamberlain.  The plaintiffs have had possession of the money, and presumably the use of it.  When ordered to restore it, with interest, it was their duty to do so, with interest at the legal rate.

The order appealed from should be modified, by striking out the provision "with 2½ per cent. interest," and inserting in place thereof "with interest at the rate of 6 per cent.," and, as so modified, affirmed, with $10 costs and disbursements to the appellants.